<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

LA QUINTA FRANCHISING LLC,

*Plaintiff,*

v.

SHIN HOSPITALITY, INC., et al.,

*Defendants/Counter
Claimants/Third-Party
Claimants*,

LQ MANAGEMENT L.L.C., et al.,

*Third-Party Defendants.*

Civil Action No. 22-5183

**OPINION AND ORDER**

July 13, 2026

**SEMPER**, District Judge.

THIS MATTER comes before this Court upon Magistrate Judge Michael A. Hammer's Report and Recommendation (ECF 94, "R&R") regarding Plaintiff La Quinta Franchising LLC's ("Plaintiff" or "La Quinta") Motion for Damages and Fees. (ECF 89-1, "Motion" or "Mot.") Judge Hammer recommends that this Court grant Plaintiff's Motion. (R&R at 1.) Defendants filed no objection to Plaintiff's Motion, and neither party has objected to the R&R. This Court has decided this matter without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, the Court **ADOPTS** Judge Hammer's R&R in full and thus **GRANTS** Plaintiff's Motion for Damages and Fees in part.

1

**WHEREAS** this matter arises out of Defendants' breach of a Franchise Agreement wherein Defendants agreed to pay Plaintiff fees to operate an Indiana hotel using the La Quinta brand name.  (R&R at 2; ECF 79 at 2.)[1]  Plaintiff commenced this action and alleged that Defendants breached the Franchise Agreement on August 23, 2022.  (ECF 1, "Compl.")  Both Plaintiff and Defendants subsequently filed cross motions for summary judgement, oppositions, and replies.  (ECF 71; ECF 72; ECF 75; ECF 76; ECF 77; ECF 78.)  On September 29, 2025, this Court granted Plaintiff's summary judgment motion, ruling that Plaintiff was entitled to summary judgment on both liability and damages.  (ECF 79 at 12-14.)  The Court "reserve[d] the question of exactly what the amounts of damages w[ould] be pending a full accounting of the various damages and fees Defendants owe[d] to Plaintiffs."  (*Id.* at 14); and

**WHEREAS** Judge Hammer subsequently held conferences with the parties on November 17, 2025 and December 12, 2025.  (R&R at 3.)  Plaintiff, with leave of the Court, filed the instant Motion on January 20, 2026.  (Mot.)  Defendants did not oppose or otherwise respond to the Motion.  Judge Hammer subsequently asked Plaintiff to submit an addendum specifying the total hours worked by each billing attorney, the billing rates for each attorney, and the justification for the reasonableness of the rates, (R&R at 3; ECF 92), which Plaintiff timely filed on March 6, 2026. (R&R at 3; ECF 93.)  Plaintiff sought damages in the following amounts: (1) $194,599.00 for unpaid recurring fees plus prejudgment interest, (2) $605,961.12 for liquidated damages plus prejudgment interest, (3) $383,979.56 in attorneys' fees and costs, and (4) $243.01 per diem in prejudgment interest from January 21, 2026 through the date of judgement.  (R&R at 3; ECF 93 at 11); and

---

[1] This Court adopts the factual and procedural history of this proceeding as presented in this Court's September 29, 2025 Opinion (ECF 79 at 2-4) and Judge Hammer's April 15, 2026 Report and Recommendation (ECF 94 at 1-3.)

**WHEREAS** when a magistrate judge addresses dispositive issues, such as the awarding of attorneys' fees and damages, the magistrate judge submits a report and recommendation to the district court. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. (72)(b)(1); L. Civ. R. 72.1(a)(2). The district court may "accept, reject, or modify, in whole or part, the findings or recommendations made by the Magistrate Judge." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3); L. Civ. R. 72.1(c)(2). When, as in the instant matter, no party has filed an objection to any portion of the R&R, this Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; *Carr v. Cnty. of Essex*, No. 20-20587, 2025 WL 3617732, at *1 (D.N.J. Dec 12, 2025); *see also Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) ("While this statutory provision [28 U.S.C. § 636(b)(1)(C)] may not require, in the absence of objections, the district court to review the magistrate's report before accepting it, we believe that the better practice is for the district judge to afford some level of review to dispositive legal issues raised by the report." (internal citation omitted)); and

**WHEREAS** this Court reviewed the R&R for clear error and agrees with Judge Hammer's reasoning in full. Judge Hammer properly determined that the amount of recurring fees set forth in Plaintiff's declaration was accurately calculated. (*See* R&R at 3-5.) This Court has consistently held that "recurring fees are damages for a sum certain because they can be calculated using the formula set forth in the franchise agreement." (*See id*); *see, e.g.*, *Travelodge Hotels, Inc. v. Meridian Glob. Invs., LP*, No. 11-2599, 2012 WL 2341466, at *5-7 (D.N.J. June 12, 2012) ("[I]f the damages are for a 'sum certain or for a sum which can by computation be made certain,' a further evidentiary inquiry is not necessary . . . [t]he liquidated damages and the recurring fees can be computed by formulas specified in the franchise agreement[.]"); *Days Inns Worldwide, Inc. v.*

3

*5 Star, Inc.*, No. 09-1009, 2012 WL 1232340, at *6 (D.N.J. Apr. 11, 2012) (indicating that where "[t]he recurring fees due can … be computed by formulas specified under the License Agreement," damages will be awarded by the court and "further evidentiary inquiry is not necessary"). Section 7 of the Franchise Agreement requires Defendants to pay certain "Recurring Fees." (ECF 89-2 ¶¶ 5, 7, 11-12.) The Franchise Agreement further provides that Defendants must also pay interest at a rate of 1.5% per month for any amounts past due under the recurring fees and for any liquidated damages. (*Id*. ¶ 8.) Plaintiff calculated the total amount of recurring fees owed, including interest, to be $194,599.00. (*Id*. ¶ 11-12.) Judge Hammer was properly satisfied with Plaintiff's calculation. (R&R at 4-5, n.2); and

**WHEREAS** Judge Hammer properly found that Plantiff's calculations for liquidated damages under the Franchise Agreement are accurate. (*Id*. at 5-6.) Reasonable liquidated damages provisions are enforceable under New Jersey Law. *See MetLife Cap. Fin. Corp. v. Washington Ave. Assocs. L.P.*, 732 A.2d 493, 496 (N.J. 1999) ("[L]iquidated damages provisions in a commercial contract between sophisticated parties are presumptively reasonable and the party challenging the clause bears the burden of proving its unreasonableness[.]"); *Ramada Worldwide, Inc. v. Rip Mgmt. Grp. Corp.*, No. 07-1540, 2008 WL 1810733 at *9 (enforcing a contract's liquidated damages provision where it "provide[d] a reasonable forecast of provable injury resulting from [a] breach which cannot be easily estimated"). This Court has found liquidated damages provisions to be calculable as sums certain because they can be determined from the parties' agreement. *See, e.g., Travelodge*, 2012 WL 2341466, at *6 ("The liquidated damages can be computed by formulas specified in the franchise agreement.").

The Franchise Agreement penalizes Defendants for premature termination of the agreement in "an amount equal to the average monthly accrued Recurring Fees during the

4

immediately preceding 12 full calendar months multiplied by 36 (or the number of months remaining in the unexpired Term (the 'Ending Period') at the date of termination, whichever is less)," which is asserted to be $10,525.73. (R&R at 5; ECF 89-2 ¶¶ 13-14.) Plaintiff contends that the liquidated damages amount to $605,961.12, comprised of (i) $378,926.22 in liquidated damages under the Franchise Agreement and (ii) $227,034.90 in prejudgment interest. (ECF 89-2 ¶¶ 18-19; ECF 94 at 5). Judge Hammer was properly satisfied with Plaintiff's calculation of liquidated damages. (R&R at 5-6, n.4); and

**WHEREAS** New Jersey law permits parties to "contract to shift the fees and costs in the event of eventual litigation between them." *Ramada*, 2009 WL 1810733, at *11 (citing *N. Bergen Rex Transp., Inc. v. Trailer Leasing Co.*, 730 A.2d 843, 848 (N.J. 1999)). In Section 17.4 of the Franchise Agreement, the parties provided that the losing party would pay reasonable attorneys' fees incurred by the prevailing party in any litigation to enforce the Franchise Agreement. (ECF 89-4 § 17.4.) As Judge Hammer correctly noted, this Court's "grant of Plaintiff's summary judgement motion, and denial of Defendant's summary judgement motion, squarely establish[ed] that Plaintiff is the prevailing party under Section 17.4," and is therefore entitled to recover reasonable attorneys' fees. (R&R at 6); and

**WHEREAS** Judge Hammer appropriately determined the reasonableness of the attorneys' fees requested by Plaintiff. (*See id.* at 7-17.) The party seeking a fee award bears the initial burden of proving "that the claimed rates and number of hours are reasonable," *Maldonado v. Houstoun*, 256 F.3d 181, 184 (3d Cir. 2001) (quoting *Pennsylvania v. Del. Valley Citizens' Council for Clear Air*, 478 U.S. 546, 564 (1986)). Though courts have considerable discretion in the awarding of fees, *J & J Snack Foods, Corp. v. Earthgrains Co.*, No. 00-6230, 2003 WL 21051711, at *6 (D.N.J. May 9, 2003), they "cannot sua sponte decrease an attorneys' fee award absent direct and specific

objections by opposing counsel." *See Red Roof Franchising LLC, Inc. v. AA Hosp Northshore, LLC*, 937 F. Supp. 2d 547, 563 (D.N.J. 2013).  "The starting point for determining any reasonable fee is to calculate a 'lodestar' amount; that is, the number of hours reasonably expended multiplied by a reasonable hourly rate." *Blakey v. Cont'l Airlines, Inc.*, 2 F. Supp. 2d 598, 602 (D.N.J. 1998). When calculating the lodestar amount, courts undertake three steps: (i) decide a reasonable hourly rate and multiple that by (ii) the number of hours reasonably expended by counsel, and (iii) alter the total amount, if adjustment is necessary.  *J & J Snack Foods*, 2003 WL 21051711, at *6 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)); and

**WHEREAS** "[a] reasonable hourly rate is calculated according to the prevailing market rates in the community," which the requesting party must establish.  *AT&T Corp. v. JMC Telecom LLC*, No. 99-2578, 2005 WL 2086194, at *3 (D.N.J. Aug. 26, 2005).  The losing party may contest the prevailing party's reasonable hourly rate, but without an objection supported by record evidence, the prevailing party must be awarded fees at its requested hourly rate.  *See id*; *J & J Snack Foods*, 2003 WL 21051711, at *7.  Here, Judge Hammer concluded that Plaintiff's attorneys submitted "sufficient evidence" to establish the reasonableness of the requested hourly rates, (R&R at 9-10), and Defendants did not contest Plaintiff's prima facie showing of its requested rates.  (*Id.* at 10.)  Judge Hammer thus appropriately granted Plaintiff's requested hourly rates.  (*See id*; ECF 93 at 7-8); and

**WHEREAS** the Court must next consider whether counsel's time was "reasonably" expended.  *Blakey*, 2 F. Supp. 2d at 604.  Judge Hammer considered the responsibilities of Plaintiff's counsel throughout the litigation and concluded that the reported time expended by Plaintiff's attorneys was reasonable.  (*See* R&R at 12-13, nn.6-7); and

6

**WHEREAS** Judge Hammer calculated the lodestar amount to be $383,979.56 by multiplying the hours worked by the hourly rate. (*Id.* at 14-15); *see J & J Snack Foods*, 2003 WL 21051711, at *6. Judge Hammer then applied downward adjustments to Plaintiff's photocopying and duplicating expenses since Plaintiff failed to document the number of copies made, the cost per page, or when the copies were made, (R&R at 16); *see Apple Corps Ltd. C. Int'l Collectors Soc'y*, 25 F. Supp. 2d 480, 497 (D.N.J. 1998); *Student Pub. Int. Rsch. Grp. of N.J. v. Monsanto Co.*, 721 F. Supp. 604, 623 (D.N.J. 1989), and miscellaneous expenses because Plaintiff provided no explanation of the costs. (R&R at 17); *Apple Corps. Ltd.*, 25 F. Supp. 2d at 501. As such, the Court concludes that Judge Hammer properly determined that the total amount of attorneys' fees to be reasonably awarded to Plaintiff should be $382,532.32. (R&R at 17.)

**WHEREAS** Judge Hammer's finding of $243.01 in prejudgment interest from Plaintiff's filing of its Motion to the date of this Opinion and Order is not clear error. The Franchise Agreement provides that Defendants must pay an interest rate of 1.5 percent per month for any amounts past due under the recurring fees and for any liquidated damages. (*See id.* 3-4.) Judge Hammer noted that a 1.5 percent per month interest rate is equivalent to a rate of 18 percent per year, and properly calculated that Defendants owe $56.15 in interest due per diem for the past due recurring fees, (*id.* at 4, n.2), and $186.86 in interest per diem for the past due liquidated damages. (*Id.* at 5, n.4.) For the reasons stated above,

**IT IS,** on this 13th day of July 2026,

1. **ORDERED** that Judge Hammer's R&R (ECF 94) is **ADOPTED** in full; and it is further

2. **ORDERED** that Plaintiff's Motion for Damages and Fees (ECF 89-1) is **GRANTED IN PART**. Judgment is entered against Defendants for

7

  i.  recurring fees plus interest ($194,559.000),

  ii.  liquidated damages plus interest ($605,961.12),

  iii.  attorneys' fees and costs ($382,532.32), and

  iv.  prejudgment interest at a rate of $243.01 per diem from January 21, 2026 through the date of this Order; and it is finally

**3. ORDERED** that the Clerk of the Court shall **CLOSE** this case.

**SO ORDERED.**

/s/ Jamel K. Semper
**HON. JAMEL K. SEMPER**
**United States District Judge**

Orig: Clerk
cc: Michael A. Hammer, U.S.M.J.
  Parties